# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

Estafanos Mesghinna, )
    Petitioner, )
)
v. ) 1:09cv956 (GBL/TCB)
)
Daniel A. Braxton, )
    Respondent. )

## MEMORANDUM OPINION

Estafanos Mesghinna, a Virginia inmate proceeding pro se,[1] has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of five felony offenses entered on a jury verdict in the Circuit Court of Arlington County, Virginia. On November 12, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Mesghinna was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed no response. On April 27, 2010, a Memorandum Opinion and Order were entered, granting respondent's Motion to Dismiss and dismissing petitioner's claims.

On May 13, 2010, petitioner filed a Motion to Alter or Amend Judgment, which was

---

[1] On November 2, 2009, a letter was addressed to the court by Andrea C. Long, P.C., stating that she had been retained to represent petitioner in this action, and that a motion for leave to amend the petition by withdrawing several claims would be forthcoming. Resp. Ex. J. On November 5, 2009, the Clerk returned counsel's letter to her, along with a notice informing counsel that pursuant to the Local Rules of this Court, electronic filing of all non-exempt documents is mandatory. (Docket # 6). Counsel never re-filed her letter electronically, and the court never received a notice of appearance, motion for leave to amend, or any other pleading from counsel, despite the fact that she was provided with paper copies of respondent's Motion to Dismiss the petition and supporting brief. Resp. Brief at 4 n. 1, 24.

1

construed as seeking relief pursuant to Fed. R. Civ. P. 60(b). Petitioner stated that he was unaware that the Motion to Dismiss had been filed until he received the Memorandum Opinion and Order, and he sought an opportunity to reply to respondent's arguments. Counsel for respondent replied to petitioner's motion on May 19, 2010, explaining that because he had received attorney Long's letter of November 2, 2009, see n. 1, supra, he sent copies of the Rule 5 Answer, Motion to Dismiss and supporting brief to Ms. Long rather than to petitioner, in accord with Rule 4.2 of the Virginia Rules for Professional Conduct. When the Memorandum Opinion and Order were entered on April 27, 2010, the Court was unaware that Ms. Long had failed to forward copies of respondent's pleadings to petitioner. Respondent did not oppose petitioner's request for Rule 60(b) relief, and he provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1976) and Local Rule 7(K), and served petitioner with copies of the Motion to Dismiss, supporting brief, and exhibits. Accordingly, by Order dated August 26, 2010, petitioner's Motion to Alter or Amend Judgment was granted, the Memorandum Opinion and Order of April 27, 2010 were vacated, and petitioner was directed to file his reply to respondent's Rule 5 Answer and Motion to Dismiss within twenty (20) days. On September 17, 2010, petitioner filed a reply to respondent's Motion to Dismiss, an Affidavit of Material Facts, and a supporting brief with exhibits. For the reasons that follow, Mesghinna's claims again must be dismissed.

## I. Background

On June 29, 2005, a jury in Arlington County, Virginia, found Mesghinna guilty of forcible sodomy, rape, use of a firearm in the commission of a felony, abduction, and robbery. Mesghinna v. Commonwealth, Case No. CR04-1567, CR04-1568, CR04-1569, CR04-1570,

CR04-1571. The opinion of the Virginia Court of Appeals issued on petitioner's direct appeal reflects the following underlying facts:

> ... Through the victim's employer, appellant arranged for the victim, an exotic dancer, to appear at his apartment building in the early morning hours of June 25, 2004. Appellant met the victim at the door of his building and let her inside. Appellant and the victim used the elevator to reach a lower level of the building. Appellant then led the victim down a corridor and through a door to a dark and isolated stairwell. When the victim began to ask what they were doing there, appellant pulled out a gun, held it at the victim's head, and said she was going to 'suck and fuck him for free.' The victim dropped to her knees and begged appellant to let her go. Appellant refused, but took the money she offered him. Appellant then forced the victim to perform oral sex upon him. Afterward, appellant had sexual intercourse with the victim. Appellant took the victim's cell phone and threatened to make her 'go another round.' Nonetheless, appellant pointed the gun at the victim and ordered her to run. The victim, screaming and hysterical, fled from the building.

Mesghinna v. Commonwealth, R. No. 1780-06-4 (Va. Ct. App. Dec. 6, 2006), slip. op. at 5; Resp. Ex. D. On April 10, 2006, Mesghinna was sentenced to serve a total of 52 years in prison. Resp. Ex. A.

Mesghinna filed a direct appeal of his convictions, raising the following claims:

1. The trial court erred in overruling his objection to the Commonwealth's references to prejudicial statements made during his recorded statement to the police.

2. The trial court erred by permitting irrelevant and prejudicial testimony regarding his ownership of a shotgun.

3. The trial court erred in denying his motion for a ex parte hearing regarding DNA evidence collected by the Commonwealth during its investigation of the case.

4. The evidence was insufficient to sustain the

3

            conviction of abduction.

    5.    The trial court erred by allowing the Commonwealth to argue at sentencing that petitioner's testimony was false.

    6.    The evidence was insufficient as a matter of law to sustain the convictions on all charges.

Resp. Ex. B. The Court of Appeals upheld Mesghinna's conviction in an unpublished opinion on December 6, 2006, finding that claims 1 through 3 and a portion of claim 4 as listed above were without merit, and that the errors asserted in the remaining portions of claim 4 as well as claims 5 and 6 had not been preserved by contemporaneous objection. Mesghinna v. Commonwealth, supra. On November 29, 2007, the Supreme Court of Virginia refused Mesghinna's petition for further appeal. Mesghinna v. Commonwealth, R. No. 071379 (Va. Nov. 29, 2007). Resp. Ex. G.

Mesghinna then pursued a habeas corpus application in the Supreme Court of Virginia, arguing that he received ineffective assistance of counsel when his attorney failed to preserve Mesghinna's challenge to the sufficiency of the evidence on all convictions for review and failed to file a written motion requesting the results of DNA testing. Resp. Ex. H. Relief was denied and Mesghinna's petition was dismissed on May 19, 2009. Mesghinna v. Warden, Sussex II State Prison, R. No. 082335 (Va. May 19, 2009). Resp. Ex. I.

On August 14, 2009, Mesghinna filed the instant federal habeas petition,[2] raising the

---

[2] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Mesghinna certified that he placed his habeas application in the prison mailing system on August 14, 2009, Pet. at 15, and it was date-stamped as received by the Clerk on August 18, 2009. Pet. at 1. Respondent acknowledges correctly that the petition was timely filed, in accordance with 28 U.S.C. § 2244. Resp. Brief at 4, n. 1.

following claims:

1. The evidence was insufficient to sustain the conviction of abduction with intent to defile.

2. The court erred in overruling his objection to the Commonwealth's references to prejudicial statements made during his recorded statement to the police.

    a. The court erred in allowing the prosecutor to cross-examine petitioner about prior bad acts.

    b. The Court of Appeals made factual errors in deciding this issue.

3. The trial court erred by permitting irrelevant and prejudicial testimony regarding his ownership of a shotgun.

4. The trial court erred in denying his motion for a ex parte hearing regarding DNA evidence collected by the Commonwealth during its investigation of the case.

    a. The trial court's failure to order an ex parte hearing violated Va. Code § 9.01-1104.

    b. The denial of his motion for an ex parte hearing violated his constitutional right to present evidence.

    c. The trial court erred in denying DNA testing of material taken from the victim.

5. The trial court erred by allowing the Commonwealth to argue at sentencing that petitioner's testimony was false.

6. The evidence was insufficient as a matter of law to sustain the convictions on all charges.

> 7. He was denied effective assistance of counsel when his attorney failed to preserve his challenges to the sufficiency of the evidence for appeal.
>
> 8. He was denied effective assistance of counsel when his attorney failed to file a written motion for DNA analysis of evidence from the victim's clothing pursuant to Va. Code § 9.1-1104.

On November 11, 2009, respondent filed a Rule 5 Answer and a Motion to Dismiss the petition, along with the notice required by Roseboro, 528 F.2d at 309. As discussed above, Mesghinna has now filed a reply. Accordingly, this matter is ripe for review.

## II. Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland,

518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id.

In this case, claim 2(b) as listed above, where petitioner challenges factual recitations made by the Court of Appeals, has never been presented to the Supreme Court of Virginia. Although Mesghinna did not properly present his claim to the Supreme Court of Virginia, it nonetheless is treated as exhausted because petitioner is now precluded from raising it in state court. Specifically, the claim is procedurally defaulted under Virginia Code § 8.01-654(A)(2) (providing a statute of limitations for state habeas petitions) and Virginia Code § 8.01-654(B)(2) (barring successive state habeas petitions). Therefore, claim 2(b) is simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[3]

In addition, where a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259

---

[3] In his reply to respondent's Motion to Dismiss, petitioner argues that he did not intend that claim 2 be construed as having two subparts, but instead should be interpreted a "one congruous argument," and that, so construed, the claim is "in essence the same argument made to the Virginia appellate court." Pet. Reply at 2. However, review of the Petitions for Appeal Mesghinna submitted to the Virginia Court of Appeals and the Supreme Court of Virginia reveals that the claim presented there corresponded exclusively to claim 2(a) of this federal petition. Resp. Ex. B at 11 - 13; Resp. Ex. E at 12 - 14. Claim 2(b) of the instant petition thus is both exhausted and defaulted for purposes of federal review.

(1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, claims 4(a), 4(b), 5 and 6 were all expressly found by the Court of Appeals to be procedurally defaulted. Specifically, the court found that claims 4(a) and 4(b), where Mesghinna contends respectively that the trial court erred in failing to hold an ex parte hearing on his motion for DNA testing and that the denial of the motion violated his constitutional right to introduce evidence, had not been raised in the trial court and so could not be addressed on appeal. Mesghinna, R. No. 1780-06-4, slip. op. at 3, n.5. The appellate court declined to consider claim 5, where Mesghinna asserts that the prosecutor made improper remarks at the sentencing hearing, because Mesghinna "did not object, move for mistrial, or request a cautionary instruction at the time of the prosecutor's comments." Id. at 6. Similarly, the court found that claim 6 was defaulted because Mesghinna "did not preserve the question of the sufficiency of the evidence to support the convictions other than abduction." Id. These determinations from the last reasoned state court decision are imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst, 501 U.S. at 803. Because the state courts thus declined to review the merits of claims 4(a), 4(b), 5 and 6 of this petition on the basis of an independent and adequate state law ground, see Weeks v. Angelone, 4 F. Supp. 2d 497, 515 (E.D. Va. 1998) (holding that the contemporaneous objection rule of Va. Sup. Ct. Rule 5:25 is an adequate and independent state law ground), those claims are procedurally defaulted from federal review.

8

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Here, petitioner has neither suggested nor offered evidence sufficient to establish that he is actually innocent of the offenses for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Additionally, petitioner has not shown cause sufficient to excuse his default or prejudice resulting therefrom.[4] Indeed, in his reply, petitioner acknowledges that claims 4(a), 4(b), 5 and 6 of this petition are procedurally defaulted. Pet. Reply at 1. Accordingly, claims 2(b), 4(a), 4(b), 5 and 6 of this petition are procedurally barred from federal review on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an

---

[4] In claims 7 and 8, petitioner argues that his attorney's failure to preserve to the errors alleged in claims 4 and 6 amounted to ineffective assistance. However, as will be discussed, the claims of ineffective assistance are without merit, so cause for the procedural default of claims 4 and 6 has not been demonstrated.

unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In the first claim of this petition, Mesghinna argues that the evidence was insufficient to sustain his conviction of abduction with intent to defile. When he raised this same claim on direct appeal, the Court of Appeals found it to be without merit, as follows:

> Abduction is committed by anyone 'who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty ....' Code § 18.2-47.
>
> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing

> out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, not merely incidental to, the restraint employed in the commission of the other crime.
>
> Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985). '[T]o constitute an abduction, separate and apart from ... [another crime], the victim's detention must be greater than the restraint that is intrinsic in ... [the other crime].' Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994).
>
> Viewing the evidence in the light most favorable to the Commonwealth, see Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997), the evidence proved beyond a reasonable doubt that appellant's detention of the victim was not merely incidental to the robbery and rape he committed. ...
>
> * * *
>
> [T]he evidence proved that appellant, using deception, led the victim from the door of the building to a secluded location. There, at gunpoint, he robbed, raped and sodomized her. '[A]sportation to decrease the possibility of detection is not an act inherent in or necessary to the restraint required in the commission of ... rape.' Coram v. Commonwealth, 3 Va. App. 623, 626, 352 S.E.2d 532, 534 (1987). Accordingly, the trial court did not err in denying appellant's motion to strike the abduction charge.

Mesghinna, R. No. 1780-06-4, slip. op. at 4 - 5.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate

11

courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons which were amply explained by the state appellate court, a rational trier of fact could have found beyond a reasonable doubt that Mesghinna was guilty of abduction as that offense is defined in Virginia. Jackson, 443 U.S. at 319. In his reply to the Motion to Dismiss, Mesghinna essentially invites the Court to reweigh the evidence and to arrive at a conclusion contrary to the jury's on the charges of both abduction and rape, Pet. Reply at 3 - 6, a course of action which plainly is foreclosed. Wilson, 155 F.3d at 405-06. Because the state court's rejection of Mesghinna's first claim was neither contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts, that same result must pertain here. Williams, 529 U.S. at 412-13.

In claim 2(a), Mesghinna contends that the trial court erred in allowing the prosecutor to cross-examine Mesghinna about prior bad acts in the form of other sexual offenses. When Mesghinna made this same argument on direct appeal, it was rejected on the following holding:

> Appellant was charged with committing robbery, rape, sodomy, abduction with the intent to defile, and the use of a firearm in the commission of a felony. All the offenses occurred on June 25, 2004.
>
> > FN: Appellant also was charged with a number of crimes allegedly committed on June 26, 2004. Before appellant's jury trial for the June 25 offenses began,

12

> the trial court granted the Commonwealth's motion to *nolle prosequi* the June 26 offenses.
>
> On cross-examination of appellant, the prosecutor asked if appellant remembered telling the police he was 'interested in S & M that night.' Appellant said he had told the police he had been 'interested in S & M but not that night and not with [the victim]. You are inferring [sic] about something else.' The prosecutor then directed appellant's attention to the pertinent portion of his transcribed statement to the police. Defense counsel asked the trial court to limit the cross-examination to matters pertaining only to the charged offenses. During the cross-examination that followed, the prosecutor did not question appellant regarding other offenses appellant may have committed, nor did she mention that other criminal charges had been lodged against appellant. On appeal, however, appellant contends the trial court erred in permitting cross-examination of him regarding his statement to the police about another criminal incident.
>
> The record belies appellant's claim that the trial court permitted cross-examination about the charges that were *nolle prosequied*. In response to the prosecutor's question about appellant's memory of what he told the police, appellant volunteered that his statement had pertained to a separate incident and a woman other than the victim. The prosecutor asked no questions that did not relate to the charged offense. Accordingly, we find no merit to appellant's argument on appeal.

Mesghinna, R. No. 1780-06-4, slip. op. at 1 - 2.

Pursuant to 28 U.S.C. § 2254(e)(1), a federal court must presume that a state court's determination of a factual issue is correct unless it is rebutted by clear and convincing evidence. Tucker v. Osmint, 350 F.3d 433, 439 (4th Cir. 2003). As no such evidence has been presented here, the Court of Appeals' finding that the prosecutor asked Mesghinna no questions that did not relate to the charged offense is presumptively correct. Mesghinna argues in his reply that that conclusion was incorrect, Pet. Reply at 6 - 10, but he offers no clear and convincing evidence to rebut the Virginia court's determination. Therefore, the state court's denial of relief on claim 2

was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts, and the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

In claim 7, Mesghinna argues that he received ineffective assistance of counsel when his attorney failed to preserve his challenges to the sufficiency of the evidence on all charges other than abduction for appellate review. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th

14

Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Mesghinna raised claim 7 of this federal petition in his state habeas corpus proceeding, the Supreme Court of Virginia rejected his argument on the following holding:

> In claim (1), petitioner alleges he was denied the effective assistance of counsel because counsel failed to preserve petitioner's sufficiency claims for appeal.
>
> The Court holds that claim (1) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcripts, demonstrates that the victim testified she had been lured by deception to a secluded stairwell where petitioner pulled a gun, raped and robbed her and forced her to commit oral sodomy on him. The record, including defense counsel's affidavit, demonstrates counsel made a tactical decision to challenge the sufficiency of the evidence as to abduction, but not as to the other charges because the victim's testimony was not inherently incredible or contrary to human experience. Furthermore, petitioner fails to articulate how the evidence was insufficient to support his convictions. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Mesghinna, R. No. 082335, slip op. at 1 - 2.

It is well established that "'strategic choices made after thorough investigation ... are

15

virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. This Court must accept the state court's factual finding that counsel made a tactical decision to challenge the sufficiency of the evidence only as to the abduction charge. See Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989). For that reason, the state courts' rejection of Mesghinna's argument that he thereby received ineffective assistance of counsel was neither contrary to nor an unreasonable application of the controlling federal law upon which it expressly relied, Strickland, supra, nor was it based on an unreasonable determination of the facts. Therefore, that same result must be reached here. Williams, 529 U.S. at 412-13.

In claim 8, Mesghinna faults his counsel for failing to file a written motion for DNA analysis of evidence obtained from the victim's clothing. When he made this same argument in his state habeas corpus proceeding, the Virginia Supreme Court found it to be without merit, as follows:

> In claim (2), petitioner alleges he was denied the effective assistance of counsel because counsel failed to file a written motion requesting DNA analysis of evidence from the victim's clothing pursuant to Code § 9.1-1104.
>
> The Court holds that claim (2) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the affidavit of counsel and the trial transcript, demonstrates that petitioner admitted to having intercourse with the victim; therefore, analysis of the DNA evidence was not an issue at trial. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding

> performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Mesghinna, R. No. 082335, slip op. at 2.

For the reasons expressed in its opinion, the Virginia Supreme Court's rejection of Mesghinna's eighth claim was neither contrary to nor an unreasonable application of the controlling Strickland principles upon which the Court expressly relied, nor was it based on an unreasonable interpretation of the facts. Therefore, federal relief is likewise unavailable for that claim. Williams, 529 U.S. at 412-13.

In his reply to the Motion to Dismiss, petitioner uses claims 7 and 8 as a springboard to argue for the first time that counsel provided ineffective assistance by failing to move for mistrial or to strike the evidence. Pet. Reply at 11 - 18. As these contentions have not been presented to the Supreme Court of Virginia, they are simultaneously exhausted and defaulted for purposes of federal habeas review. Bassette, 915 F.2d at 932. To the extent that petitioner in his reply touches on his original contention in claim 7 that counsel rendered constitutionally deficient performance by failing to preserve for appeal challenges to the sufficiency of the evidence on all charges, petitioner offers no clear and convincing evidence to rebut the Virginia Supreme Court's factual determination that counsel made a tactical decision to make a sufficiency challenge only to the petitioner fails to show that his claims of ineffective assistance warrant federal relief.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed. An appropriate Order shall issue.

Entered this 28th day of September 2010.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge